UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-459 (MJD/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| (1)  FREDERICKO YOLNZO MOBLEY, | ) ) |
| (2)  DEEANNA LOUISE TATUM, | ) ) |
| (4)  DAVID LEE NEEDOM, JR., | ) ) |
| (5)  KRISTOPHER MAURICE SMITH, | ) ) |
| (6)  TRAVIS TERREL SMITH, | ) ) |
| (8)  NADIA DANELLE LOVING, | ) ) |
| (9)  KENNETH NATHANIEL MITCHELL, | ) ) |
| (10) JOHN FRANKLIN LONG, and | ) ) |
| (11) LUIS CARLOS AGUILAR, JR., | ) ) ) |
| Defendants. | ) |

**GOVERNMENT'S MOTION TO DESIGNATE CASE AS COMPLEX UNDER THE SPEEDY TRIAL ACT**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Carla J. Baumel, Assistant United States Attorney, hereby moves the Court for an order designating the above-captioned matter as a complex case for purposes

of the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A). The grounds for this motion are as follows:

 1. On December 2, 2025, the Grand Jury issued a ten-count Indictment charging the defendants with multiple crimes, including Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(B)(1)(A), and 846. (ECF No. 1) (Count I.) In addition, the Indictment charges several defendants with Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h). (ECF No. 1) (Count II.) Finally, the Indictment also charges several defendants with substantive money laundering and narcotics distribution undercounts. (ECF No. 1) (Counts III-X.)

 2. The Indictment's charges, therefore, include multiple mandatory minimum offenses, namely a 10-year minimum term for the cocaine conspiracy allegation at Count 1 as well as a potential 5-year minimum term for various narcotics distribution undercounts.

 3. By way of short background, this case involved an investigation into a complex, transnational cocaine distribution scheme which operated within the Twin Cities, with intermittent travel to one or more inter-state sources of supply by multiple conspiracy participants, coupled with various means of distribution back in Minnesota.

4. The discovery set draws upon an extensive investigation conducted by multiple agencies, including the Drug Enforcement Administration, Federal Bureau of Investigation, Internal Revenue Service Criminal Investigation, Ramsey County Violent Crime Enforcement Team, and other supporting agencies. The investigation occurred over the span of over a full calendar year. The alleged drug trafficking organization operated across several states, including at least Minnesota, Illinois, and Texas, and involved the issuance, return, and analysis of dozens of grand jury subpoenas.

5. More specifically, this twelve named-defendant Indictment alleges crimes that date back to at least May of 2023. Discovery is voluminous and complex, including:

    a. Thousands of pages of various written materials;

    b. Financial, real estate, and asset purchase records;

    c. Electronic media, photographs, and physical evidence;

    d. Body-worn camera, squad video, and aerial surveillance video;

    e. Footage from multiple pole cameras;

    f. Records, photographs, and body-worn camera from several residential search warrants, surveillance, and traffic stops;

    g. Forensic extractions from cellphones seized from defendants and corresponding reports; and

h. Data from iCloud search warrants and other electronic surveillance methods.

6. Three scheduling orders have issued for eight defendants—the remaining defendants have not yet had scheduling orders issued and/or have not yet appeared in this District. (*See* ECF No. 43 (Needom, Long), ECF No. 47 (Loving, Mitchell), and ECF No. 71 (Mobley, Tatum, K. Smith, T. Smith)). Mr. Aguilar appeared in the Northern District of Texas on December 29, 2025, but has not yet appeared locally. The current scheduling orders in place for these eight defendants set initial disclosures due on December 29, 2025.

7. The United States respectfully submits this matter is by no means typical, and is more complex than the standard case, let alone the standard narcotics case. The United States will need additional time to provide fulsome and intelligent access to certain of these materials to the defendants.

8. Furthermore, even if complete disclosure could occur as currently scheduled, the defendants would have an incredibly limited opportunity to conduct a meaningful review for the purpose of filing motions and preparing for trial. The parties would be unable to accomplish the goals of Local Rule 12.1, especially the directives to "confer with the responding party" and to "attempt in good faith to clarify and narrow the issues in dispute" before

submitting any pretrial motions on or before January 9, 2026. This is especially so given the intervening holiday.

9. At bottom, it would be unreasonable to expect the defendants to adequately prepare within the short time limits established by the Speedy Trial Act and the Court's extant scheduling. Given the volume, complexity, and scope of the investigative materials, the large number of defendants and charges, and the legal and factual issues involved in the prosecution, the United States requests that this case be designated complex.

10. Beginning on December 23, 2025, the government began communicating with several counsel of record regarding the necessity of designating this matter complex. Those conversations were paused due to the intervening holiday and federal closures on December 24, 25, and 26, 2025, respectively. On December 29, 2025, the government requested each noticed counsel's position as to this motion. Counsel for Ms. Loving and Mr. Aguilar have not had an opportunity to respond. Counsel for Mr. Travis Smith and Mr. Long were traveling last week and have reserved additional input on this motion. The remaining six defendants (counsel for Mr. Mobley, Ms. Tatum, Mr. Needom, Mr. Kristopher Smith, Mr. Mitchell, and Mr. Aguilar) have indicated that they do not object to this motion.

11. In light of the otherwise impending deadlines, the United States cannot delay this request.

5

12. WHEREFORE, the Government respectfully requests that the Court designate this matter as complex and thereafter extend all due dates in the current scheduling orders, to include the time set for the disclosure of Rule 16 materials as well as the filing of motions and responses, by at least 60 days.[1]

---

[1] The government also notes that the present scheduling orders set a status conference for January 8, 2026, at 10:00 AM in Courtroom 9W (MPLS) before Magistrate Judge David T. Schultz. (*See* ECF Nos. 43, 47, 71.) Before that status conference, the government anticipates additional arrests, thereby likely impacting any pretrial schedule. Furthermore, undersigned counsel will be in Duluth on an unrelated criminal matter that same day. The United States separately and respectfully requests the current status conference be delayed by at least fourteen days.

Dated: January 5, 2026                    Respectfully Submitted,

                                                DANIEL N. ROSEN
                                                United States Attorney

                                                *s/ Carla J. Baumel*
                                                BY:  CARLA J. BAUMEL
                                                Assistant U.S. Attorney
                                                Attorney ID No. 0504848